# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DALE WILLS, | ) | 1:09-cv-00968 OWW GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) | REGARDING DISMISSAL OF ACTION (Doc. |
| | ) | 1) AND DENIAL OF TEMPORARY |
| TODD BARTON, et al., | ) | RESTRAINING ORDER (Doc. 6) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff DALE WILLS, a state prisoner appearing pro se and proceeding in forma pauperis, filed this civil rights action on June 3, 2009, alleging that Defendants Todd Barton and John/Jane Doe, Clerk of the Court and deputy clerk for the Kings County Superior Court, have deprived him of his right to petition the government for redress of grievances and access to the courts, thereby violating his First Amendment and Fourteenth Amendment rights. More specifically, Defendants have refused to file legal documents in the Kings County Superior Court, proffered by Plaintiff and concerning conditions of his confinement. Plaintiff seeks compensatory damages, injunctive relief, declaratory relief, and an award of punitive damages.

Plaintiff also seeks a temporary restraining order enjoining Defendants from refusing to file legal documents he previously presented to the Kings County Superior Court for filing, and "an order directing Defendants to serve and file papers in opposition to the duly noticed motion for preliminary injunction and that failure to do so constitutes a stipulation to the granting of the motion." (Doc. 6.)

//

**DISCUSSION**

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *Id.* at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'").  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Bruns v.*

1 *Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*,
2 673 F.2d 266, 268 (9th Cir. 1982)).

### B.     Plaintiff's Complaint

Plaintiff contends Defendants have denied him access to the courts by refusing to file legal documents prepared by Plaintiff and directed to the Kings County Superior Court.  Plaintiff names Defendants in his or her "individual capacity for the purposes of damages relief, injunctive relief, and declaratory relief, and in his/her official capacity for the purposes of injunctive relief and declaratory relief."  (Doc. 1 at 2, ¶¶ 4-5.)

More specifically, Plaintiff contends that on or about January 5, 2009, he forwarded, via U.S. Mail, an original and one copy of a petition for writ of mandate, application and order for waiver of court fees and costs, a motion to compel production of documents, an ex parte motion for temporary restraining order, and a proof of service, to the Clerk of the Court for the Superior Court of Kings County.  Simultaneously, Plaintiff forwarded the same documents to the Office of the Attorney General for the State of California in Sacramento, California.  (Doc. 1 at 3-4, ¶ 8; Doc. 4, Ex. A.)  In the petition, Plaintiff argued that he had a right to have his personal property stored by prison officials if that property was disallowed while he was confined to the Security Housing Unit (SHU).  (Doc. 1 at 4, ¶ 9; Doc. 4, Ex. A.)  In the motion to compel production of documents, which Plaintiff attempted to file contemporaneously with the mandate petition, Plaintiff complained that prison officials refused to provide him with an original, certified six-month trust account statement and sought an order of the court compelling officials to provide him with the documentation.  (Doc. 1 at 4, ¶ 10.)

On or about January 9, 2009, Plaintiff was notified in a rejection slip prepared by Defendant Deputy Clerk #1160 that he must pay the filing fee of $350 or submit an application and order for waiver of court fees and costs accompanied by "an original statement of account for any sums due to the inmate for the six-month period immediately preceding," and that "[i]t is mandatory that you attach an original certified statement of accounting to your fee waiver."
(Doc. 1 at 4, ¶ 11.)

//

1   On or about January 20, 2009, Plaintiff asserts he sent a letter, addressed to the Clerk of
2   the Court, informing the clerk that he could not provide the certified six-month trust account
3   statement because prison officials had refused his requests, and that the clerk must file the
4   documents "and allow the judge to rule on the merits of the motion to compel production of
5   documents." (Doc. 1 at 4-5, ¶ 12.)
6   On February 3, 2009, Plaintiff was again notified in a rejection slip prepared by
7   Defendant Deputy Clerk #1160 that he must pay the filing fee of $350 or submit an application
8   and order for waiver of court fees and costs accompanied by "an original statement of account for
9   any sums due to the inmate for the six-month period immediately preceding," and that "[i]t is
10  mandatory that you attach an original certified statement of accounting to your fee waiver." His
11  pleadings were returned unfiled. (Doc. 1 at 5, ¶ 13; Doc. 4, Ex. C [at 101-102].)
12  In a letter directed to the clerk's office and dated February 5, 2009, Plaintiff enclosed the
13  documents or pleadings for filing once again, and attempted to explain that the reason he had not
14  provided the six-month trust account statement was due to prison officials' refusal to provide that
15  documentation to him. (Doc. 4, Ex. D [at 108].)
16  On or about February 5, 2009, Plaintiff forwarded a second petition for writ of mandate,
17  application and order for waiver of court fees and costs, and a motion to compel production of
18  documents to the Clerk of the Court for the Superior Court of Kings County. This second
19  petition concerned the failure of prison officials to provide adequate clothing, denial of adequate
20  medical treatment, and improper withholding of personal property. (Doc. 4, Ex. B.)
21  On February 10, 2009, another rejection slip prepared by Defendant Deputy Clerk #1160
22  of the Kings County Superior Court referenced the fact that Plaintiff "must attach an original
23  certified statement of accounting" to the fee waiver request. (Doc. 4, Ex. C [at 103-104].)
24  Plaintiff asserts he sent a letter on or about February 20, 2009, "complaining of the
25  clerk's refusal to file" the legal documents, enclosing the documents themselves and addressing
26  the letter to "any Judge, Superior Court of the State of California, County of Kings." (Doc. 1 at
27  5, ¶14.)
28  //

1    On March 4, 2009, yet another rejection slip prepared by Defendant Deputy Clerk #1160
2 of the Kings County Superior Court was directed to Plaintiff.  (Doc. 1 at 5, ¶ 15.)  Again the
3 rejection slip referenced the fact Plaintiff "must provide an original statement of account for any
4 sums due to the inmate for the six-month period immediately preceding the filing of the civil
5 action . . ..  This copy shall be certified by the appropriate official of the Department of
6 Corrections or a county jail."  (Doc. 4, Ex. C [at 105-106].)
7    On March 16, 2009, Plaintiff directed a "Warning Notice Regarding Submitted Matter for
8 failure to file Documents for Judicial Consideration" to Defendant Todd Barton, Clerk of the
9 Kings County Superior Court.  Plaintiff complained the deputy clerk refused to file a petition for
10 writ of mandate for his failure to provide a six-month trust accounting despite Plaintiff's
11 explanation that the accompanying motion to compel production of documents seeks an order of
12 that court compelling prison officials to provide him with the required documentation.  He
13 references his "'Catch 22'" situation and the fact that he believes the deputy clerk's actions are
14 improper.  Plaintiff asked that the pleadings be filed and that conformed copies be returned to
15 him in the self-addressed, stamped envelope he had enclosed.  Plaintiff cautioned that otherwise
16 he would file an action in this Court seeking relief.  (Doc. 1 at 5, ¶ 16 & Doc. 4, Ex. D [at 109-
17 110].)
18    On April 16, 2009, Plaintiff directed another letter to Defendant Barton.  He enclosed
19 additional copies of the caption pages from the previously-provided pleadings and asked that
20 conformed copies be returned to him for his records.  (Doc. 4, Ex. D [at 111].)
21    Plaintiff asserts that on or about April 27, 2009, each the pleadings he had asked the
22 Kings County Superior Court to file were returned to him "without having been filed, and
23 without any kind of response."  (Doc. 1 at 5, ¶17.)

24    **1.    Access To Courts**

25    Plaintiff alleges that Defendants denied him access to the courts, preventing him from
26 filing two separate petitions for writ of mandate, and accompanying legal pleadings, in the Kings
27 County Superior Court.
28 //

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress.

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.*, at 354. A petition for writ of mandate does not fall within this limitation. A petition for writ of mandate seeks an order of the court directing an officer of the court to enforce a court order. *Black's Law Dictionary* 980 (8th ed. 2004). Simply put, a petition for writ of mandate is not a direct criminal appeal or habeas petition, nor is it considered a civil rights action.

Plaintiff's claims regarding his access to the courts concern alleged interference with his ability to file petitions for writ of mandate with the Kings County Superior Court. Assuming Defendants Barton and Doe impeded Plaintiff's ability to file the petitions for writ of mandate, their actions do not rise to the level of a denial of Plaintiff's right to access the courts because a petition for writ of mandate does not fall within the applicable limitation. Thus, Plaintiff has failed to state a cognizable claim under section 1983.

### 2. Eleventh Amendment Bar

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as

defendants, and applies whether the relief is legal or equitable in nature." *Brooks*, 951 F.2d at 1053.

Even assuming Plaintiff could state a cognizable claim, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Thus, Plaintiff's claim for money damages against Defendant Todd Barton, Clerk of the Court for the Kings County Superior Court, fails as a matter of law.

### 3. Quasi-Judicial Immunity

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. For the D. Of Nev.,* 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979). In *Mullis*, a debtor brought a civil rights action against bankruptcy court clerks. The debtor alleged that the bankruptcy court clerks accepted and filed his bankruptcy petition, but then refused to accept and file an amended petition in violation of his constitutional rights. The Ninth Circuit held that the court clerks' refusal to accept and file an amended petition was a basic and integral part of the judicial process, and as such, the clerks were entitled to quasi-judicial immunity from damages. *Id.*

Here, Plaintiff claims that Defendants Barton and Defendant John/Jane Doe, deputy clerk #1160, refused to file two petitions for writ of mandate he forwarded for filing because he did not include a six-month trust account statement along with his application for waiver of court costs and fees form. Plaintiff acknowledged he failed to do so, yet directed the Defendants' attention to an accompanying pleading, forwarded simultaneously and entitled "Motion to Compel Production of Documents," wherein Plaintiff explains that he is unable to provide the required documentation because CDCR officials have refused to provide him with the requested trust account statement. The Defendants' decisions regarding whether to accept and file the petitions for writ of mandate and accompanying pleadings are a basic and integral part of the judicial process. Accordingly, Defendants are entitled to absolute quasi-judicial immunity from damages in connection with those actions. *Mullis*, 828 F.2d at 1390; *see also Juarez v. Clerk, U.S. Fed.*

*Ct*, No. C 08-5691 RMW (PR), 2009 WL 385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send plaintiff court opinion denying his previously filed federal case); *White v. Dep't of Corrs.*, No. CIV F-01-1796 OWW DLB PC, 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court clerk is immune from damages for allegedly refusing to give plaintiff's court documents to magistrate judge); *Palacios v. Fresno County Super. Ct.*, No. CIV F-08-0158 at *2-3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior Court clerks were entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation).

    **C.**  **Plaintiff's Request for Temporary Restraining Order**

  This action is proceeding against Defendants for failing to file legal documents in the Kings County Superior Court where Plaintiff was unable to provide a six-month trust account statement in support of his application for waiver of courts fees and costs. Plaintiff asserts a violation of his First and Fourteenth Amendment rights. Plaintiff seeks an order of this Court enjoining Defendants from refusing to file legal documents proffered by Plaintiff so that a judicial determination can be made regarding his application for waiver of fees. Plaintiff also seeks an order of this Court "directing Defendants to serve and file papers in opposition to the duly noticed motion for preliminary injunction and that failure to do so constitutes a stipulation to the granting of the motion." (Doc. 6.)

  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." *Id*. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." *Id*.

At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." *Id*.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, the Court has recommended that Plaintiff's complaint be dismissed without leave to amend for a failure to state a claim upon which relief may be granted under section 1983. Thus, there is no case or controversy before the Court, and the Court has no jurisdiction to issue a temporary restraining order. Because Plaintiff has failed to state a cognizable claim for relief under section 1983, and the Defendants against whom the claims are stated have not appeared in this action, the Court may not act. Plaintiff has not demonstrated a probable success on the merits.

Moreover, Rule 65 of the Federal Rules of Civil Procedure provides as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R.Civ.P. 65(b). Plaintiff's motion for a temporary restraining order does not comply with Rule 65's procedural notice requirement. Plaintiff has failed to demonstrate that his Complaint and motions have been served on any named Defendant. There has been no appearance on any

Defendants' behalf.  Plaintiff did file a "Certificate of Compliance with Federal Rule of Civil Procedure 65(b)" (*see* Doc. 9), yet compliance is insufficient.  Indeed, Plaintiff references "a proof of service submitted contemporaneously herewith," yet the Court was not provided with a proof of service.  Plaintiff cannot show "immediate and irreparable injury, loss or damage" which will result if the Court fails to issue a temporary restraining order, as explained above.

## CONCLUSION

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be DISMISSED WITHOUT LEAVE TO AMEND;
2. The motion for temporary restraining order be DENIED.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  **June 16, 2009**                    **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE